IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CT-3039-D

BARRY ROBINSON, )
)
       Plaintiff, )
)
v. ) **ORDER**
)
TARQUINTUS WALSER, )
)
       Defendant. )

Barry Robinson ("plaintiff" or "Robinson"), a state inmate, filed this action pursuant to 42 U.S.C. § 1983. On October 1, 2007, Robinson filed a motion for a preliminary injunction. As explained below, plaintiff's motion is denied.

Robinson brought this action against Tarquintus Walser alleging Eighth Amendment violations. Robinson now seeks a preliminary injunction to provide the inmates with cleaning supplies four times a week to clean their cells and recreation/exercise area. Mem. of Law in Supp. of Pl. Mot. for Prelim. Inj. 5. Further, Robinson seeks a preliminary injunction to "cease the policy of taking prisoners on HCON property and placing them on cell restriction." Id.

When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); North Carolina State Ports Auth. v. Dart Containerline Co. Ltd., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc., 550 F.2d 189, 193-95 (4th Cir. 1977). Plaintiff has failed to demonstrate a likelihood of irreparable

harm if the preliminary injunction is denied, or any of the other requirements necessary to obtain injunctive relief. Therefore, plaintiff's motion for a preliminary injunction is DENIED.

SO ORDERED. This _3_ day of October 2007.

                                                JAMES C. DEVER III
                                                United States District Judge